UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK ALLEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-607** |
| **U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL.** | **SECTION "B" (3)** |

**ORDER AND REASONS**

Before the Court is an Application for Appointment of Attorney Pursuant to 42 U.S.C. § 2000e-5(f)(1) [Doc. #4] filed by pro se plaintiff Derrick Allen ("Allen"). Allen filed a complaint under Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*, against the United States Department of Homeland Security and the Federal Emergency Management Agency (collectively, "defendants"). The complaint alleges that because he opposed defendants' hiring practices, they created a hostile work environment and retaliated against him. Allen alleges that defendants asked him to clean an infested trailer after instructing other employees not to enter the trailers until after defendants had inspected them. Allen also alleges that he was not offered a CORE position. He argues that he sent applications to defendants for numerous positions, and defendants failed to select him for such positions. Lastly, Allen alleges that his supervisor sent an e-mail to subordinate managers to monitor his performance as a Local Hire. Allen contends that defendants did so as a result of an alternative dispute resolution session that concerned defendants' hiring practices.

On April 12, 2011, the undersigned Magistrate Judge conducted a telephone hearing on

MJSTAR(00:10)

Allen's request for appointment of counsel, following which the matter was taken under advisement. The Court, having considered the complaint, the motion and the law, DENIES Allen's application for appointment of counsel at this time for the following reasons.

Congress has specifically authorized courts to appoint counsel for plaintiffs who proceed under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1). Here, the Court also derives its power to "appoint counsel" from 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request any attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Plaintiff does not have either a constitutional right or an automatic right to appointed counsel in a civil case. *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977). Unlike a criminal defendant, an indigent civil litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances." *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002) (Shushan, M. J.); *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Oct. 17, 2002) (Wilkinson, M. J. ). Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case. *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166. The plaintiff ultimately bears the burden of persuasion as to the necessity of such an appointment. *See Caston,* 556 F.2d at 1310.

The evidence that the Court must consider includes the plaintiff's indigence and efforts made

by the plaintiff to secure counsel; however, these are bare minimum *threshold* considerations. Here, Allen is indigent, and this Court granted him leave to proceed *in forma pauperis*. Allen testified that he is currently unemployed but that he is actively seeking employment. On April 13, 2011, he will begin new employment on a probationary basis. He will earn $10.00/hour but has no idea how many hours he will work a week.

Allen testified that he has made one attempt to engage representation. He contacted the law firm of Hunter and Hunter, L.L.C., who informed him that it needed more time to consider his claim. Allen has made no other attempt to engage counsel. The Court finds that at this time, Allen needs to make further efforts to engage counsel by contacting other law firms. The Court can not appoint counsel when plaintiff has contacted only one firm. *Kirkpatrick v. Astrue*, Civ. A. No. 08-407, 2008 WL 879407 (W.D. La. Mar. 31, 2008) (declining to appoint counsel when plaintiff had contacted only one attorney); *Lewis v. Calcasieu Parish*, No. 2:06-cv-2183, 2007 WL 61855 (W.D. La. Jan. 4, 2007) (declining to appoint counsel when plaintiff had contacted only two attorneys). A casual search on Google reveals many attorneys who practice law in the Baker, Louisiana area where Allen resides. Thus, while it is clear that plaintiff expended some minimal effort to retain counsel, it is also manifest that he only scratched the proverbial surface. Under the circumstances, the undersigned can not conclude that plaintiff diligently endeavored to obtain counsel. Should Allen make further attempts to engage counsel, and should counsel continue to refuse to represent him, this Order will reserve the right to Allen to re-urge a revised application to appoint counsel.[1]

---

[1] Generally, a court must also consider the following factors: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will

For the reasons set forth above, the Court finds that at this time, plaintiff has failed to demonstrate that he has diligently endeavored to retain counsel. Accordingly,

**IT IS ORDERED** that Application for Appointment of Attorney Pursuant to 42 U.S.C. § 2000e-5(f)(1) [Doc. #4**]** filed by pro se plaintiff, Derrick Allen is DENIED. As noted above, this Order reserves the right to Allen to re-urge a revised application to appoint counsel after he has more diligently tried to retain counsel.

Allen has also sent a letter to the Court in which he requests a refund of the $350.00 filing fee because the Court has now granted him leave to proceed *in forma pauperis*. [Doc. #8]. Leave to proceed *in forma pauperis*, however, is leave to proceed without the *pre-payment* of the filing fee, not the *payment* of the filing fee. 28 U.S.C. § 1915(a)(1). Pauper plaintiffs, especially those who recover damages in their suit, are ultimately responsible for the payment of the filing fee. Allen has cited this Court to no law – and this Court has found none – that would entitle him to a refund of the filing fee.

New Orleans, Louisiana, this 25th day of April, 2011.

---

consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992); *Ulmer*, 691 F.2d at 213. Because the Court finds that Allen has failed to demonstrate that he has diligently endeavored to retain counsel, the Court defers consideration of these factors until necessary. The Court notes, however, that should Allen re-urge an application to appoint counsel, consideration of these factors may still lead to a denial of such application.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**