UNITED STATES MIDDLE DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK ALLEN

VERSUS                                                    CIVIL ACTION NO: 13-503-JWD-SCR

JEH JOHNSON, SECRETARY,
U.S. DEPARTMENT OF
HOMELAND SECURITY, ET AL

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's retaliation claims under Title VII. (Doc. XXX.) Defendants Jeh Johnson[1], Secretary of the U.S. Department of Homeland Security, and the Federal Emergency Management Agency ("FEMA") have each moved to dismiss Plaintiff's claims against FEMA with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil procedure 12(b)(1).

Plaintiff brought Title VII retaliation claims against both Defendants regarding alleged EEO activity in which Plaintiff opposed FEMA's hiring practices. The merits of those claims are not before the Court today, as the Motions to Dismiss concern only subject matter jurisdiction.

The Court must dismiss a case for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Wright v. U.S. Postal Servs.*, 344 F. Supp. 2d 956, 957 (M.D. La. 2004) (citing *Home Builders Ass'n Of Miss., Inc v. City of Madison*, 143 F.3d 1006, 1010 (5th Circ.1998)). Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. See id., (citing *Paterson v. Weinberger*, 644 F.2d 521, 523

---

[1] Pursuant to Federal Rule of Civil procedure 25(d), Jeh Johnson has been substituted for Janet Napolitano by operation of law, as she is no longer the Secretary of the Department of homeland Security.

(5th Cir. 1981)).

Defendant claims that FEMA is not a proper defendant under Title VII, in a "federal sector case," and the court thus lacks subject matter jurisdiction. Defendant claims sovereign immunity.

Title VII prohibits employment discrimination claims, including retaliation, based on race, color, religion, sex, or national origin by federal employees. In an action brought under Title VII, the only proper defendant is the head of the federal agency in his or her official capacity. *See Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (Proper defendant in employment discrimination action against Postal Service was Postmaster General, rather than Postal Service itself or supervisors who made allegedly discriminatory decisions.); 42 U.S.C. § 2000e-16; 29 U.S.C. § 794a(a)(1) (adopting Title VII procedures); *See also Quevedo v. Army & Air Force Exch. Serv.*, No. 00–10360, 234 F.3d 29 (5th Cir.2000) (unpublished) ("By statute, the only proper party defendant in either a Title VII action ... brought against the United States is the head of the agency in which the alleged discriminatory acts occurred.").

Title VII only waives sovereign immunity in regards to the agency head, , i.e. Jeh Johnson. It is clear that he is the only party against whom Congress has permitted plaintiff's claims to be asserted. Accordingly. Plaintiff's claims against FEMA are hereby dismissed for lack of subject matter jurisdiction.

**IT IS ORDERED** that Defendants' Motion to Dismiss the Federal Emergency Management Agency ("FEMA") is hereby GRANTED.

Signed in Baton Rouge, Louisiana, on September 18, 2014.

                **JUDGE JOHN W. deGRAVELLES**
                **UNITED STATES DISTRICT COURT**
                **MIDDLE DISTRICT OF LOUISIANA**