UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DERRICK ALLEN | CIVIL ACTION |
| VERSUS | |
| | NO. 13-503-JWD-SCR |
| JEH JOHNSON, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, et al. | |

## RULING AND ORDER

This matter is before the Court on the Motion for New Trial; Altering or Amending a Judgment (Doc. 110) filed by Plaintiff, Derrick Allen, seeking a new trial based on Fed.R.Civ.P. 59. Defendant, Jeh Johnson, opposes the motion (Doc. 112), and Plaintiff has filed a reply. (Doc. 113). After careful review of the submissions of the parties and the relevant law, the Court denies Plaintiff's motion.

I.  BACKGROUND & RELEVANT PROCEDURAL HISTORY

On March 22, 2011, Derrick Allen ("Plaintiff"), a pro se plaintiff, filed a complaint (Doc. 3) against Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), alleging claims of retaliation, hostile work environment, and disparate treatment.[1]

Defendant filed a Motion for Summary Judgment (Doc. 90) on June 13, 2014. Plaintiff opposed the motion. (Doc. 92). A status conference was held on September 18, 2014, at which time Plaintiff was ordered to file a supplemental brief in opposition. (Doc. 102). Following the filing of Plaintiff's Supplemental Response (Doc. 103), Defendant filed a Motion for Leave to File Reply Brief (Doc. 104), which was granted. (Doc. 105). Defendant's Reply was filed on December 15, 2014. (Doc. 107).

---

[1] The facts of this case are more completely set forth in this Court's December 19, 2014, Order (Doc. 108), granting Defendant Jeh Johnson's Motion for Summary Judgment.

1

After considering the parties' briefs (Docs. 90, 92, 102, and 107) and the applicable law, this Court granted Defendant's Motion for Summary Judgment, finding that Plaintiff failed to meet his burden of proving a prima facie case of retaliation or racial discrimination under Title VII.[2] (Doc. 108). On January 5, 2015, judgment was entered in favor of Defendant, dismissing with prejudice all of Plaintiff's claims. (Doc. 109).

II.     **THE PRESENT MOTION**

Plaintiff has filed the present motion for a new trial under Fed.R.Civ.P. 59, seeking to have this Court "open the judgment to take additional testimony, amend findings of fact and conclusions of law and make new ones and direct the entry of a new judgment." (Doc. 110, p. 1). Specifically, Plaintiff seeks reconsideration of the judgment based on (1) the affidavit of William Wilson (Doc. 110-1, pp. 2-4), (2) an unsworn email from Laketa Lewis to Fern Cotton (Doc. 110-1, p. ), and (3) the affidavit of Juan Parker (Doc. 113-1, p. 2). Additionally, Plaintiff requests that the Court hear the verbal testimony of four witnesses – William Wilson, Juan Parker, Leon Tarver, and Malcolm Summers. (Doc. 110). Plaintiff's motion was deposited into the mail on February 2, 2015, (Doc. 110-1, p. 50) and was received by the clerk on February 3, 2015. (*See* Doc. 110, p. 1).

Defendant has opposed the motion, asserting that (1) because Plaintiff did not timely file his rule 59 motion, the Court must construe the motion as one made under Rule 60(b); (2) Plaintiff has not met the standard for vacating a judgment under Rule 60(b); and (3) even if Plaintiff's motion was timely filed, Plaintiff cannot meet the standard for a new trial under Rule 59. (Doc. 112, p. 5-13).

---

[2] Although Plaintiff did not properly allege a claim for racial discrimination, this Court analyzed the claim as if it had been properly asserted.

In response, Plaintiff asserts that his motion was timely because it was mailed on the last day for filing of a Rule 59 motion. (Doc. 113, pp. 1-3). Additionally, Plaintiff argues that he has met the standard for a new trial under Rule 59 because he has "new evidence" which he exercised due diligence to obtain. (*Id*. at 4-5).

### III. LAW & ANALYSIS

#### A. Filing in the United States District Courts

Plaintiff cites "FRCP Rule 29" for the notion that a document is timely filed if postmarked on or before the last day of filing. (Doc. 113, p. 1-2). However, Plaintiff has mistakenly cited United States Supreme Court Rule 29 as Federal Rule of Civil Procedure 29.[3] (*Id*. at p. 1). Although Supreme Court Rule 29 does allow for timely filing if postmarked by the filing deadline, this Court is governed by the Federal Rules of Civil Procedure, not by the Rules of the Supreme Court. Fed.R.Civ.P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts."). Therefore, this Court is required to follow Fed.R.Civ.P. 5(d) which defines "filing" of a paper document as delivery either "(1) to the clerk; or (2) to a judge who agrees to accept it for filing."

Under well-established precedent, "compliance with a *filing* requirement is not satisfied by *mailing* the necessary papers within the allotted time." *Scott v. U.S. Veteran's Admin.*, 749 F. Supp. 133, 135 (W.D. La. 1990), *aff'd*, 929 F.2d 146 (5th Cir. 1991) (quoting *Lee v. Dallas County Board of Education,* 578 F.2d 1177, 1178 n. 1 (5th Cir.1978) (emphasis in original)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006) ("[T]he Federal Rules of Civil Procedure do not authorize filing to be accomplished by deposit of papers in the mail."). Instead, a document is considered "filed" when it is placed in the clerk's possession. *U.S. ex rel.*

---

[3] Rule 29 of the Federal Rules of Civil Procedure is entitled "Stipulations about Discovery Proceedings" and is not applicable here. Fed.R.Civ.P. 29.

*Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). Therefore, Plaintiff's motion was "filed" on the date it was received by the clerk – February 3, 2015.

### B. Timeliness of the Present Motion

Plaintiff moves the court to "open the judgment to take additional testimony, amend findings of fact and conclusions of law and make new ones and direct the entry of a new judgment thereby resulting in a reversal of the final judgment on the summary judgment." (Doc. 113). Plaintiff seeks to introduce new evidence in support of his claim for retaliation.

A motion brought pursuant to Rule 59 "must be *filed* no later than 28 days after the entry of judgment." Fed.R.Civ.P. 59(b) & (e) (emphasis added). Rule 6(b)(2) specifically prohibits the court from extending the time limit for the filing of a Motion for a New Trial under Rule 59(b), (d), or (e). Fed.R.Civ.P. 6. The strict time limit for a motion for a new trial serves to "promote finality of judgments." 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* §2812 (3d ed. 2012).

This Court entered judgment on the Motion for Summary Judgment on January 5, 2015. The twenty-eighth day following the entry of that judgment was February 2, 2015. Plaintiff's motion was received by the clerk on February 3, 2015 – the twenty-ninth day after entry of judgment. Consequently, Plaintiff's Rule 59 motion was not timely filed.

An untimely Rule 59(e) Motion to Amend or Alter the Judgment may be treated "as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (quoting 12 James W. Moore et al., Moore's Federal Practice § 60.03 [4], at 60–24 (3d ed. 1998)). Therefore, the Court will treat Plaintiff's motion as if filed as a Rule 60(b) motion for relief from a judgment or order.

### C. Rule 60(b) Relief from a Judgment or Order

In his motion, Plaintiff argues that he is entitled to an amendment of the judgment dismissing his claim of retaliation against Defendant because he has new evidence and new witnesses which establish a prima facie case of retaliation under Title VII. This "new evidence" consists of: (1) the affidavit of William Wilson dated February 2, 2015 (Doc. 110-1, pp. 2-4; (2) an email from Laketa Lewis to Fern Cotton dated April 13, 2009 (Doc. 110-1, p. 1); and (3) the affidavit of Juan Parker dated February 21, 2015 (Doc. 113-1, p. 2).[4] Additionally, Plaintiff requests that the Court hear the verbal testimony of four witnesses – William Wilson, Juan Parker, Leon Tarver, and Malcolm Summers. (Doc. 110, p. 2, 7-8).

Under Rule 60(b), the Court may grant relief from a final judgment, order, or proceeding for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed.R.Civ.P. 60(b)(2). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996)). But, a Rule 60(b) motion is not to be used "as an occasion to relitigate [the] case." *Gen. Universal Sys. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004).

In the Fifth Circuit, to prevail on a motion brought under 60(b)(2) based on newly discovered evidence, the movant bears the burden of proving "(1) that it exercised due diligence in obtaining the information and (2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200-01 (5th Cir. 1993) (internal quotations and footnotes omitted). Additionally, "[t]he newly discovered evidence must be in existence at the

---

[4] Plaintiff attached to his motion an additional forty-five pages of documents. (Doc. 110-1, pp. 6-50). These documents were previously submitted to and considered by this Court in its ruling.

time of trial and not discovered until after trial." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 158 (5th Cir. 2004) (quoting *Longden v. Sunderman*, 979 F.2d 1095, 1102-03 (5th Cir. 1992)).

Here, Plaintiff fails to satisfy his burden of proof. First, Plaintiff's new evidence is not "newly discovered evidence" within the meaning of Rule 60(b). The statements of three of the four witnesses were not available at the time of the entry of judgment: Mr. Wilson's statement was prepared on February 2, 2015, Mr. Parker's statement was sworn on February 21, 2015, and Mr. Tarver has yet to make a written statement.[5] These statements were created after the entry of judgment and, therefore, cannot be considered "new evidence" under Rule 60(b). *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 158 (5th Cir. 2004) (statements created after the entry of final judgment were not "newly discovered evidence" under Rule 60(b)).

Second, Plaintiff has failed to show that he exercised due diligence in discovery of the evidence. Plaintiff named Mr. Wilson, Mr. Parker, Mr. Tarver, and Mr. Summers as witnesses, listed their contact information, and indicated to what facts each would testify on his witness lists filed on January 13, 2012, and November 5, 2013. (Doc. 28, pp. 2-3; Doc. 80, pp. 2-3). Although Plaintiff asserts that he made several unsuccessful attempts to contact the witnesses, he did not request a continuance in order to obtain their statements. "[T]he failure to locate a witness prior to trial, who the movant later argues was important to the case, will be treated as a lack of due diligence." 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* §2859 (3d ed. 2012). A party fails to establish due diligence when he is aware of a witness prior to trial but neither moves for a continuance nor makes any attempt to find the witness other than by making a telephone call. *Washington v. Patlis,* 916 F.2d 1036, 1039 (5th

---

[5] Mr. Summers' written statement existed at the time of the entry of judgment and was considered by the Court in its ruling. (Doc. 108, p. 17).

Cir. 1990). Thus, Plaintiff has failed to show that he exercised the "due diligence" to warrant relief under Rule 60(b).

Finally, Plaintiff has failed to show that the purportedly new evidence "is material and controlling and clearly would have produced a different result if presented before the original judgment." *New Hampshire Ins. Co.*, 993 F.2d at 1201. In the original ruling, this Court found that Plaintiff had failed to establish *any* element of a prima facie case of retaliation under Title VII. (Doc. 108). Plaintiff's "new" evidence does nothing to further establish (1) that he engaged in an activity that Title VII protects; (2) that an adverse employment action occurred; and (3) that a causal connection exists between the protected activity and the adverse employment action. Accordingly, Plaintiff has failed to show that he is entitled to relief from judgment under Rule 60(b), and, therefore, his motion is denied.

### D. Rule 59 Motion

Even if the motion had been timely filed, Plaintiff's motion fails to establish grounds for relief under Rule 59(e). The Court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, this discretion is not limitless, and "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id*. *See also* 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* §2810.1 (3d ed. 2012) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.").

A Rule 59(e) motion to alter or amend the judgment based on newly discovered evidence and "cannot be used to raise arguments which could, and should have been made before judgment issued." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir.

7

2010). A party's "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006). Furthermore, the district court should not grant a Rule 59(e) motion unless: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

As discussed above, Plaintiff has not shown that he exercised due diligence to obtain the evidence prior to the ruling on summary judgment. And, the purportedly new evidence would not change the outcome. Thus, Plaintiff has failed to establish that he is entitled to relief under Rule 59(e), and his motion is denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for a New Trial; Altering or Amending Judgment filed by Derrick Allen, is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 10, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**